UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES : CORPORATION, | Case No. 18-CV-____ (      ) |
| Plaintiff, : | **COMPLAINT** |
| : | |
| -against- : | |
| ROBERTO CICCONE, : | |
| Defendant. : | |

--------------------------------------------------------X

Plaintiff International Business Machines Corporation ("IBM"), by its attorneys Putney,

Twombly, Hall & Hirson LLP, as and for its Complaint against Defendant Roberto Ciccone

("Defendant" or "Ciccone"), alleges as follows:

### IDENTITY OF THE PARTIES

1.      IBM is a corporation duly organized under the laws of the State of New York,

with its headquarters and principal place of business in Armonk, New York.

2.      Defendant Ciccone is an individual domiciled upon information and belief at

Rua Joao Alveres Soures, 413 Brooklin Paulista, Sao Paulo, C.P 046090001.

3.      Ciccone was employed by IBM Brazil as Insurance Leader, Global Business Sales

Brazil.

4.      Defendant voluntarily resigned from IBM on or about July 20, 2015.

5.      Defendant became employed by Everis Group ("Everis"), upon information and

belief on or about August 11, 2015.

6.      Everis is a competitor of IBM.

## JURISDICTION AND VENUE

7.    This is a diversity lawsuit between citizens of the United States and Brazil. Plaintiff IBM is a citizen of New York, and Defendant is a domiciliary and citizen of Brazil, and the amount in controversy exceeds $75,000, including contractually agreed attorneys' fees, costs and expenses (see ¶¶ 34 and 35 herein). Jurisdiction is appropriate under 28 U.S.C. § 1332(a)(2). Moreover, the parties have contractually agreed to the application of New York law, and the Jurisdiction of this Court by the terms of the contracts referred to below as the IBM 1999 Long-Term Performance Plan ("the IBM Plan"), dated March 15, 2000 as amended through August 1, 2007, the various Equity Award Agreements ("EAA") executed during the course of Defendant's employment at IBM, and the "Terms and Conditions of Your Equity Award: Effective June 8, 2011" ("Terms and Conditions").

8.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 since Plaintiff's headquarters and principal place of business are located in Armonk, New York. In addition, the IBM Plan, EAA and Terms and Conditions state defendant's consent to venue.

## NATURE AND BACKGROUND OF THE ACTION

9.    This is an action for monies due and owing to IBM by Defendant as a result of his breach of contract with IBM. As a result of such breach, IBM seeks rescission of the stock options and equity awards (collectively "Awards"), previously granted Defendant as further described herein.

10.    During all relevant times herein, Ciccone was a participant in the IBM Plan.

11.    As stated in Section 1 thereof, termed "Objectives," the IBM Plan is "designed to attract, motivate and retain selected employees of, and other individuals providing services to,

2

the Company.  These objectives are accomplished by making long-term incentive and other awards under the Plan, thereby providing Participants with a proprietary interest in the growth and performance of the Company."

12.     Defendant voluntarily terminated his employment with IBM on or about October 21, 2015.

13.     Upon information and belief, Defendant commenced employment with Everis on or about August 11, 2015.

14.     Everis is engaged in business activity which is directly competitive with Plaintiff.

**Contractual Grounds for**
**Rescission of Grants and Awards**

15.     During his employment with IBM, Ciccone was given the opportunity to receive Awards under the terms and conditions of the IBM Plan, the EAA, and the Terms and Conditions cited in paragraph 7 hereto, and in fact did receive awards as further described herein.

16.     As a result of Defendant's employment by Everis, he has breached his contractual obligations to IBM, and thus IBM is entitled to Cancel and Rescind Awards paid to Defendant, and has so rescinded these Awards.

17.     As stated in relevant part in Section 13(a) of the IBM Plan, entitled "Cancellation and Rescission of Awards":

> Unless the Award Agreement specifies otherwise, the Committee may cancel, rescind, suspend, withhold or otherwise limit or restrict any unexpired, unpaid, or deferred Awards at any time if the Participant is not in compliance with all applicable provisions of the Award Agreement and the Plan, or if the Participant engages in any 'Detrimental Activity.'  For purposes of this Section 13, "Detrimental Activity" shall include: (i) the rendering of services for any organization or engaging directly or indirectly in any business which is or becomes <u>competitive</u> with the Company, or which organization or business, or the rendering of services to such organization or business, is or becomes

3

otherwise prejudicial to or in conflict with the interests of the Company;
(ii) the disclosure to anyone outside the Company, or the use in other than the
Company's business, without prior written authorization from the Company,
of any confidential information or material, as defined in the Company's
Agreement Regarding Confidential Information and Intellectual Property,
relating to the business of the Company, acquired by the Participant either
during or after employment with the Company; . . . (vi) any attempt directly or
indirectly to induce any employee of the Company to be employed or perform
services elsewhere, or any attempt directly or indirectly to solicit the trade or
business of any current or prospective customer, supplier or partner of the
Company; . . . ." (emphasis supplied).

18.     In addition, Section 13(b) of the IBM Plan provides, in relevant part, that:

Upon exercise, payment or delivery pursuant to an Award, the
Participant shall certify in a manner acceptable to the Company that he or she
is in compliance with the terms and conditions of the Plan.  In the event a
Participant fails to comply with the provisions of paragraphs (a)(i)(viii) of this
Section 13 prior to, or during the Rescission Period, then any exercise,
payment or delivery may be rescinded within two years after such exercise,
payment or delivery. In the event of any such rescission, the Participant shall
pay to the Company the amount of any gain realized or payment received as a
result of the rescinded exercise, payment or delivery, in such manner and on
such terms and conditions as may be required, and the Company shall be
entitled to set-off against the amount of any such gain any amount owed to the
Participant by the Company.

19.     The various EAA executed by Defendant during the course of his employment by
IBM provide, inter alia, in a paragraph titled "Cancellation and Rescission" that "IBM may
cancel, modify, rescind, suspend, withhold or otherwise limit or restrict this Award in
accordance with the terms of the Plan, including, without limitation, canceling or rescinding this
Award if you render services for a competitor prior to, or during the Rescission Period.  You
understand that the Rescission Period that has been established is 12 months." (emphasis
supplied).

20.     Everis and IBM are competitors.  Everis competes directly and substantially with
IBM, inter alia, in the areas of Business Consulting and Outsourcing and Services.

4

21.     Defendant willfully chose to become employed by Everis.

22.     As a condition of accepting his Awards, Ciccone further agreed under the terms of the EAA in a paragraph titled "Accept Your Award" "that by your acceptance of this Award, all Awards previously granted to you under the Plan or other Long-Term Performance Plans are subject to the "Cancellation and Rescission" section of this Agreement. . . ."

23.     The EAA states that "Your participation in the Plan is voluntary."

24.     The Terms and Conditions stipulates that "You agree that the cancellation and rescission provisions of the Plan and your Equity Award Agreement are reasonable and agree not to challenge the reasonableness of such provisions, even where forfeiture of your Award is the penalty for violation."

25.     The EAA by its terms incorporates both the Terms and Conditions and the IBM Plan into the Award.

**The Grant of Awards**

26.     Defendant was granted and received restricted stock unit ("RSU") awards under the IBM Plan and the various Equity Award Agreements executed by Defendant during his employment with IBM, all of which became subject to the Cancellation and Rescission terms of the IBM Plan and the various EAA he executed during his employment.

27.     On or about June 7, 2015, 47 of the RSUs awarded to Ciccone on June 7, 2013 vested and were released into Ciccone's Morgan Stanley Smith Barney account. The value of these RSUs on or about June 8, 2015 was $7,894.59.

28.     On or about June 8, 2015, 40 of the RSUs awarded to Ciccone on June 8, 2012 vested and were released into Ciccone's Morgan Stanley Smith Barney account. The value of these RSUs as of on or about June 8, 2015 was $6,643.80.

29.     Also, on or about that same date, June 8, 2015, 84 of the RSUs awarded to Ciccone on June 8, 2012 vested and were released into Ciccone's Morgan Stanley Smith Barney account. The value of these RSUs as of on or about June 8, 2011 was $13,951.98.

30.     On or about June 9, 2015, 101 of the RSUs awarded to Ciccone on June 9, 2014, vested and were released into Ciccone's Morgan Stanley Smith Barney account. The value of these RSUs as of on or about June 9, 2015 was $16,633.69.

31.     Ciccone gained a total of $45,124.06 in Equity Awards, as described in paragraphs 27 through 30 hereof that are now subject to rescission.

**Agreement to New York Law, Jurisdiction and Venue,**
**and Reimbursement of IBM Legal Fees and Costs**

32. Recipients of these Awards under the IBM Plan, Section 15(e) thereof, agree to New York law and the exclusive jurisdiction and venue of the federal or state courts of New York, County of Westchester, to resolve any and all issues that may arise out of or relate to the Plan and the EAA.

33. Similarly, the Terms and Conditions document incorporated into the EAA, and referred to in paragraph 21 hereof, specifies the same law, jurisdiction and venue.

34. The IBM Plan specifies in Section 15(f) thereof, that if IBM prevails in an action to enforce the IBM Plan, the Plan participant such as Ciccone "shall pay all costs and expenses incurred by the Company in connection with that action, including reasonable attorneys' fees . . . ."

35. Similarly, the "Terms and Conditions" document incorporated into the EAA, and referred to in paragraph 21 hereof contains the same language regarding costs, expenses and fees.

**Notice of Rescission**

36. As noted above, Ciccone's employment with Everis constitutes Detrimental Activity under the IBM Plan as more fully stated in paragraph 14 hereof.

37. By virtue of Ciccone's employment with Everis within the Rescission Period, under the conditions of the Awards, and pursuant to the IBM Plan and the EAA, IBM is entitled to and did rescind any awards made to Ciccone during such 12-month period.

38. By letter dated February 9, 2016, IBM put Ciccone on notice it rescinded the gains he received when he exercised the Awards stated in paragraphs 27 through 30 hereof within the 12 months preceding his employment by Everis in the amount of $45,124.06.

39.     The letter stated in bold emphasis **"You are required to repay to IBM your gain equal to $45,124.06."** It further stated a payment expectation date of March 15, 2016.

40.     An additional notice letter was sent by IBM to Ciccone on March 18, 2016, requesting payment.

41.     No payment has been received by IBM.

42.     Ciccone has failed and refused to make the requested payment to IBM, though duly demanded.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

43.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 42 hereof, inclusive, as though more fully stated herein.

44.     On or about July 20, 2015, Ciccone voluntarily terminated his employment with IBM.

45.     On or about August 11, 2015, and within the Rescission Period, Defendant willfully chose to become employed by Everis.

46.     Everis is a competitor of IBM.

47.     Under the explicit terms of the IBM Plan, if Defendant chose to join a competitor of IBM within the Rescission Period, he would forfeit the monetary value of all Awards under the IBM Plans.

48.     The Rescission Period established under the IBM Plan and various EAA Defendant executed during his employment at IBM was 12 months "after any exercise, payment or delivery pursuant to an Award".

49.     Defendant was aware of this rescission provision at the time he resigned employment at IBM and became employed by Everis.

50.     Defendant's employment with Everis constitutes Detrimental Activity under Section 13(a)(i) of the IBM Plan.

51.     By virtue of Defendant's employment with Everis within the Rescission Period, under the conditions of the Awards, and pursuant to the IBM Plan and the EAA, IBM was entitled to and did rescind any Awards to Ciccone during such period.

52.     Thus, by letters dated February 9, 2016 and March 18, 2016, IBM put Defendant on notice that all Awards exercised and received within the 12 months preceding his engaging in "Detrimental Activity" were subject to rescission in the amount of $45,124.06.

53.     IBM made due demand for payment by Defendant in the amount of $45,124.06, representing the total amount gained by Ciccone through the aforesaid awards as stated herein.

54.     Defendant has failed and refused to make the requested payment to IBM, though duly demanded by IBM.

55.     Accordingly, there is due and owing from Defendant to IBM the amount of $45,124.06.

56.     Defendant has further contractually agreed to pay all attorneys' fees, costs and expenses incurred by IBM in connection with it prevailing in an action to enforce the IBM Plan.

57.     Accordingly, upon IBM prevailing in this action, such costs, expenses and fees shall be paid by Defendant to IBM.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant in the amount of $45,124.06, as well as costs, interest, and attorneys' fees in an amount to be determined by the Court, and such other, further and different relief this Court deems just and proper.

Dated:   New York, New York
         January 24, 2018

                                         PUTNEY, TWOMBLY, HALL & HIRSON LLP
                                         Attorneys for Plaintiff


                                         By: _____
                                             Jerome P. Coleman
                                             A member of the firm
                                             521 Fifth Avenue
                                             New York, NY 10175
                                             (212) 682-5478